UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MOHAMED MUSE,<br><br>  Plaintiff,<br><br>v.<br><br>METRO POLICE,<br><br>  Defendant. | Case No. 3:16-cv-00086<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:   The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

By order entered February 19, 2016, the Court referred this action to the Magistrate Judge under 28 U.S.C. § 636(b)(1) to dispose or recommend disposition of any pre-trial motions. (Doc. No. 4, PageID# 12–13.) This case has been pending on the Court's docket with no action taken by Plaintiff Mohamed Muse since he filed a notice of change of address on January 12, 2017. (Doc. No. 18.) Metro Police, the only named defendant, is not susceptible to suit, as the Court informed Muse by order on June 15, 2016. (Doc. No. 14.) Muse has not filed an amended complaint to name a proper defendant, despite the Court's instruction to do so. Nor has he responded to the Court's April 20, 2018 order to show cause why this action should not be dismissed for his failure to prosecute. (Doc. No. 19.)

Accordingly, the Magistrate Judge RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.01.

I.      **Factual and Procedural Background**

Plaintiff Mohamed Muse filed this lawsuit against Metro Police under 42 U.S.C. § 1983 on January 26, 2016, alleging that he was "racially profiled" by a Metro Police Department officer on September 15, 2015, and that a video recording of the incident "was tampered with . . . ." (Doc. No. 1, PageID# 2, 4.) He seeks $300,000 in damages. (*Id.* at PageID# 3.)

The Court granted Muse's application to proceed in forma pauperis. (Doc. No. 4.) A summons issued to Metro Police (Doc. No. 6), but was returned unexecuted because, as a letter from Metro's Law Department explained, "Metro Police Department is not a legal entity and has no agent for service of process." (Doc. No. 10, PageID# 20.) On June 15, 2016, the Court granted Muse thirty days in which "to file a motion to amend his complaint to name an appropriate defendant capable of being sued in this action." (Doc. No. 14, PageID# 31.) That order was sent to Muse by regular and certified mail at an address he provided to the Court by a notice of change of address on April 13, 2016. (Doc. No. 11.) The orders were returned as undeliverable. (Doc. Nos. 16, 17.) Muse filed a second notice of a change of address on January 12, 2017. (Doc. No. 18.) He has not filed an amended complaint.

On April 20, 2018, the Court ordered Muse to show cause why his case should not be dismissed for failure to prosecute under the Court's Local Rule 41.10. (Doc. No. 19, PageID# 39–40 (citing M.D. Tenn. Rule 41.01 (dismissal of inactive cases)).) The Court warned Muse "that failure to respond to [the] order may result in a recommendation that his case be dismissed." (*Id.* at PageID# 40.) The order was sent by regular mail to the address that Muse provided the Court on January 12, 2017, but was returned as undeliverable. (Doc. Nos. 18, 20.) Muse has not responded to the show cause order, notified the Court of a new address, or taken any other action that would indicate his continued interest in prosecuting this action.

## II.     Legal Standard

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) does not abrogate the power of courts, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal") (citing *Link*, 370 U.S. 626). Consistent with *Link*, this Court's Local Rule 41.01 requires sua sponte dismissal for failure to prosecute of "a civil action that has been on the docket for six (6) months without any responsive pleading or other court proceedings taken therein . . . but the dismissal shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01 (dismissal of inactive cases).

In determining whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2011)). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction" that should only apply in extreme situations where there is a "clear record of delay or contumacious

conduct by the plaintiff." *Carter*, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

## III. Analysis

This action should be dismissed for failure to prosecute under Rule 41(b) and Local Rule 41.01. Although there is no evidence that Muse's failure to prosecute his lawsuit was motivated by bad faith, he is "at fault for failing to comply with the Court's Orders." *Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (M.D. Mich. Feb. 8, 2017). Despite the Court's instruction to file a motion to amend his complaint to name a defendant capable of being sued, Muse never did so. Nor did he respond to the April 20, 2018 show cause order that warned him failure to do so could result in the dismissal of his lawsuit. (Doc. Nos. 14, 19.)

The Court is mindful of the fact that it appears Muse did not receive a service copy of the order granting him thirty days to amend his complaint, which was sent to him by regular and certified mail (Doc. No. 16, 17), or the show cause order sent by regular mail (Doc. No. 20). That fact, however, does not save Muse's action. It is Muse's responsibility to provide the Court with a current valid mailing address. *See Pillow v. Schofield*, No. 1:13-0032, 2015 WL 8484464, at *1 (M.D. Tenn. Dec. 9, 2015). Further, Muse's failure to file anything since January 2017 indicates that he has likely lost interest in this lawsuit.

The "less-drastic" sanction of dismissal without prejudice is available, and it is appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *Mulbah*, 261 F.3d at 591. Such a sanction is particularly appropriate in

cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal"). This Court's Local Rules strike the same balance, providing that dismissal of inactive cases "shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. Rule 41.01. Dismissal without prejudice best addresses all of the interests of this litigation.

## IV. Recommendation

In light of the lack of any activity in this case since January 12, 2017, and Muse's failure to respond to the Court's orders, the Magistrate Judge RECOMMENDS that this lawsuit be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule 41(b) and Local Rule 41.01.

Any party has fourteen days after being served with this Report and Recommendation in which to file any written objections to it. A party who opposes any objections that are filed shall file a response within fourteen days of being served with the objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of further appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

ENTERED this 3rd day of August, 2018.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge